IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC LEE LUNSFORD,

    Petitioner,

v.                                                      No. 20-cv-592 MV-LF

RUBEN BENAVIDEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Eric Lee Lunsford's habeas corpus petition (Doc. 1). Lunsford challenges a 2017 state revocation order based on due process violations and ineffective assistance of counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Lunsford to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

## I. Procedural Background[1]

In 2016, Lunsford pled no contest to trafficking methamphetamine in violation of N.M.S.A. § 30-31-20. *See* No Contest Plea in Case No. D-503-CR-2016-220. The state court sentenced him to nine years imprisonment, followed by two years parole and five years of supervised probation. *Id.*; Judgment in Case No. D-503-CR-2016-220. The sentence was initially fully suspended, and Lunsford was placed on supervised probation. *Id*. The state court entered the

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Lunsford's state court criminal dockets, Case No. D-503-CR-2016-220 and S-1-SC-37576. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

criminal judgment on November 30, 2016.  *Id*.  It appears Lunsford was extradited to Texas following sentencing, where he entered a halfway house.  *See* Order entered September 18, 2018 in Case No. D-503-CR-2016-220.

Lunsford allegedly escaped from the halfway house after a few months and failed to report to his New Mexico probation officer.  *See* Petition to Revoke Probation.  On April 11, 2017, the state court revoked Lunsford's probation and ordered him to serve his full sentence.  *See* Order Revoking Probation in Case No. D-503-CR-2016-220 ("Revocation Order").  The Revocation Order specified that Lunsford must serve nine years imprisonment, pursuant to the original Judgment, but that he would receive credit for 52 days of pre-sentence confinement and 120 days of probation credit.  *Id.* at 2.  Lunsford sought reconsideration of his sentence, and the state court denied that motion on July 13, 2017.  *See* Order in Case No. D-503-CR-2016-220.

Lunsford filed another state motion to reconsider his sentence on July 26, 2017 and continued to supplement his arguments throughout the next year.  *See* Docket Sheet in D-503-CR-2016-220.  On September 18, 2018, the state court denied relief and again declined to reconsider.  *See* Order in D-503-CR-2016-220.  Lunsford did not appeal.  *See* Docket Sheet in D-503-CR-2016-220.  The Revocation Order therefore became final no later than October 19, 2018, the first business day following the expiration of the 30-day appeal period.[2]  *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after the expiration of the direct appeal period); NMRA, Rule 12-201, 12-502 (a direct appeal and a writ of certiorari must be filed within 30 days after entry of the challenged ruling).

---

[2] The Court assumes, without deciding, that Lunsford's ongoing requests to reconsider his sentence tolled the direct appeal period for the Revocation Order.  This calculation method benefits Lunsford but does not change the result in this case.

The state docket reflects that for the next 84 days, there was no substantive activity in Lunsford's criminal case. On January 11, 2019, Lunsford filed a state habeas petition. *See* Habeas Corpus Petition in D-503-CR-2016-220. The state court denied the petition, and the New Mexico Supreme Court (NMSC) denied certiorari relief on March 20, 2019. *See* Doc. 1 at 3, 18. There were no additional post-conviction challenges in state court. *See* Docket Sheet in D-503-CR-2016-220.

Lunsford filed the instant § 2254 Petition on June 19, 2020. *See* Doc. 1. He alleges that at the revocation hearing, Judge Shuler-Gray stated he had "two (2) and ½ years left on time," but she entered a Revocation Order requiring him to serve his full nine-year sentence. Doc. 1 at 3. Lunsford believes the Revocation Order is tantamount to a sentence enlargement, as it tracks the original Judgment rather than the statement at the revocation hearing. *Id.* He also raises claims for ineffective assistance by counsel and prosecutorial misconduct. *Id.* at 3-5. Lunsford paid the $5 habeas filing fee, and the matter is ready for initial review.

## II.   Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the challenged judgment (here, the Revocation Order) becomes final. 28 U.S.C. § 2244(d)(1)(A). Where, as here, the petitioner did not pursue a direct appeal of the challenged judgment, it becomes final "when the time for seeking such review expires." *Locke*, 237 F.3d at 1273. The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

3

(3)   Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)   Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the habeas limitation period began to run no later than October 19, 2018, when the appeal period expired in connection with Lunsford's various motions to reconsider the Revocation Order and/or his sentence.  *See Locke*, 237 F.3d at 1271-1273.  Eighty-four (84) days elapsed before Lunsford filed his state habeas petition, which stopped the clock pursuant to § 2244(d)(2).  The state habeas proceeding remained pending until March 20, 2019, when the NMSC denied certiorari review.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review").  "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [281 days][3] resumed…."  *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects there was no additional tolling activity during the next 281 days, and the one-year limitation period expired on December 27, 2019.  Lunsford filed his § 2254 Petition over six months later, on June 19, 2020.

---

[3] The Court arrived at this figure by subtracting the number of days that initially elapsed (84) from the one-year period (*i.e.,* 365 days in a year - 84 days = 281 remaining days).

For these reasons, Lunsford must show cause in writing why the Petition is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Lunsford must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE