**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERIC LEE LUNSFORD,

Petitioner,

v. No. 20-cv-592 MV-LF

RUBEN BENAVIDEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Eric Lee Lunsford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Petitioner asks the Court to vacate a 2017 state revocation order based on due process violations and ineffective assistance of counsel. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely. Having independently researched the state docket to confirm the time-bar, and because the show-cause response cannot establish grounds for tolling, the Court must dismiss the Petition.

## I. Procedural Background

The background facts are taken from the Petition (Doc. 1) and the state court docket in Petitioner's criminal cases, Case No. D-503-CR-2016-220 and S-1-SC-37576. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2016, Petitioner pled no contest to trafficking methamphetamine in violation of N.M. Stat. Ann. § 30-31-20. *See* No Contest Plea in D-503-CR-2016-220. The state court sentenced him to nine years of imprisonment, followed by two years of parole and five years of supervised probation. *Id.*; Judgment in D-503-CR-2016-220. The sentence was fully suspended, and Petitioner was placed on supervised probation. *Id.* The state court entered the criminal judgment on November 30, 2016. *Id.* It appears that Petitioner was extradited to Texas following sentencing, where he entered a halfway house. *See* Order entered September 18, 2018 in D-503-CR-2016-220.

Petitioner allegedly escaped from the halfway house after a few months and failed to report to his New Mexico probation officer. *See* Petition to Revoke Probation in D-503-CR-2016-220. On April 11, 2017, the state court revoked Petitioner's probation and ordered him to serve the remainder of his sentence for trafficking methamphetamine. *See* Order Revoking Probation in D-503-CR-2016-220 ("Revocation Order"). The Revocation Order specifies that Petitioner must serve nine years imprisonment, pursuant to the original Judgment, but that he would receive credit for 52 days of pre-sentence confinement and 120 days of probation. *Id.* at 2. Petitioner received a copy of the Revocation Order about 45 days after its entry and discovered that it conformed to the original suspended Judgment, rather than the state judge's verbal estimate of his remaining time at the revocation hearing. *See* Doc. 1 at 3-4. Petitioner sought reconsideration of his sentence, and the state court denied that motion on July 13, 2017. *See* Order in. D-503-CR-2016-220.

Petitioner filed another state motion to reconsider his sentence on July 26, 2017 and continued to supplement his arguments throughout the next year. *See* Docket Sheet in D-503-CR-2016-220. On September 18, 2018, the state court again declined to reconsider. *See* Order

Denying Motion to Modify in D-503-CR-2016-220. Petitioner did not appeal from that order. *See* Docket Sheet in D-503-CR-2016-220. The Revocation Order therefore became final no later than October 19, 2018, the first business day following the expiration of the 30-day appeal period.[1] *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after the expiration of the direct appeal period); NMRA, Rule 12-201, 12-502 (a notice of appeal must be filed within 30 days after entry of the challenged ruling).

The state docket reflects that for the next 84 days, there was no activity in Petitioner's criminal case. On January 11, 2019, Petitioner filed a state habeas petition. *See* Habeas Corpus Petition in D-503-CR-2016-220. The state court denied the petition, and the New Mexico Supreme Court (NMSC) denied certiorari relief on March 20, 2019. *See* Doc. 1 at 2, 18. There were no additional post-conviction challenges in state court, with the exception of a motion for release filed after Petitioner commenced the federal proceeding. *See* Docket Sheet in D-503-CR-2016-220.

Petitioner filed the instant § 2254 Petition on June 19, 2020. *See* Doc. 1. He alleges that at the revocation hearing, Judge Shuler-Gray stated he had "two (2) and ½ years left on time," but she entered a Revocation Order requiring him to serve his full nine-year sentence. Doc. 1 at 3. Petitioner contends that the Revocation Order is tantamount to a sentence enlargement, as it tracks the original Judgment rather than the verbal estimate at the revocation hearing. *Id.* He also raises claims for ineffective assistance by counsel and prosecutorial misconduct. *Id.* at 3-5. By an

---

[1] The Court assumes, without deciding, that Petitioner's ongoing requests to reconsider his sentence tolled the direct appeal period for the Revocation Order. This calculation method benefits Petitioner but does not change the result in this case.

Order to Show Cause entered December 10, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. *See* Doc. 5; *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Petitioner was directed to show cause why the Petition should not be summarily dismissed. He filed a timely show-cause response (Doc. 6), and the matter is ready for review.

**III. Discussion**

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the one-year limitation period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

For simplicity, the Court assumes that the limitation period did not start running until October 19, 2018, when the appeal period expired on Petitioner's motions to reconsider the Revocation Order and/or his sentence. *See Locke*, 237 F.3d at 1271-1273. Eighty-four (84) days

elapsed before Petitioner filed his state habeas petition on January 11, 2019, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding remained pending until March 20, 2019, when the NMSC denied certiorari relief. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [281 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects that there was no additional tolling activity during the next 281 days, and the one-year limitation period expired by December 27, 2019. The § 2254 proceeding filed June 19, 2020 is therefore time-barred, absent grounds for tolling.

The Order to Show Cause explained the above principles and set out the state court timeline along with the legal standards for statutory and equitable tolling. *See* Doc. 5. Petitioner's show-cause response does not dispute the timeline. *See* Doc. 6. He appears to seek equitable tolling, arguing that he did not "fil[e] in a timely manner [due to] lack of knowledge." Doc. 6 at 1. Petitioner did not learn about federal habeas relief until about March 2020, after the one-year limitation period had already expired. *Id.* He also alleges that the prison does not have a legal department or law library to assist inmates. *Id.*

The Court is sympathetic to Petitioner's circumstances, which cause many *pro se* inmates to miss the federal deadline. Unfortunately, however, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (84) from the one-year period (*i.e.*, 365 days in a year - 84 days = 281 remaining days).

established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). The Court therefore cannot apply equitable tolling in this case.

Although Petitioner did not raise the issues in his show-cause response, the original Petition also asks the Court to accept the filing based on ineffective assistance of counsel and the fundamental miscarriage of justice exception. *See* Doc. 1 at 4-5. Even if counsel was ineffective in connection with the revocation proceeding and failed to appeal the Revocation Order, this does not establish grounds for tolling. To obtain equitable tolling based on attorney misconduct, the attorney's actions must be "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)). *See also Montoya v. Milyard*, 342 F. App'x 430, 432 (10th Cir. 2009) (equitable tolling is available only where an attorney "affirmatively misled his client"); *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). There are no allegations that Petitioner's state revocation attorney misled him with respect to federal habeas relief. At most, counsel failed to notify Petitioner about § 2254, which does not qualify as egregious misconduct. *See Montoya*, 342 F. App'x at 432 (equitable tolling was unavailable based on "counsel's failure to notify

[petitioner] of the [habeas] statute of limitations"). Equitable tolling is therefore not available based on ineffective assistance of counsel.

The Petition finally alleges that Petitioner's constitutional rights were violated pursuant to the "fundamental miscarriage of justice exception." Doc. 1 at 5. The Court liberally construes this allegation as an argument that dismissing his claims as time-barred would result in a fundamental miscarriage of justice. The exception "is a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted). *See also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("The fundamental miscarriage of justice exception is available only … with a colorable showing of factual innocence."). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 F. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin*, 569 U.S. at 386). Petitioner does not present any evidence or details showing that he is innocent of the probation violation; he focuses entirely on the judge's misstatement at the revocation hearing with respect to his sentence. He therefore cannot overcome the time bar based on the exception for a fundamental miscarriage of justice.

In sum, Petitioner's arguments do not establish grounds for tolling. The one-year limitation period expired on December 27, 2019, at the latest, and the federal habeas Petition filed on June 19, 2020 is time-barred. The Court must dismiss the Petition (Doc. 1). The Court will

also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Eric Lee Lunsford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE